UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

REGINALD CLAUDIUS GRAYSON, a/k/a
Doobie,

*Defendant-Appellant.*

No. 00-4536

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
G. Ross Anderson, Jr., District Judge.
(CR-99-530)

Submitted: April 20, 2001

Decided: June 29, 2001

Before WIDENER, MOTZ, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Alana Black Zielinski, Jonesboro, Georgia, for Appellant. J. Rene Josey, United States Attorney, E. Jean Howard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Reginald Claudius Grayson appeals from his conviction and the 224-month sentence imposed by the district court following his guilty plea to conspiracy to distribute powder and crack cocaine in violation of 21 U.S.C.A. §§ 841(a)(1), 846 (West 1999). Finding no reversible error, we affirm.

On appeal, Grayson contends the district court improperly denied his motion to withdraw his guilty plea. We review for abuse of discretion. *United States v. Wilson*, 81 F.3d 1300, 1305 (4th Cir. 1996). In determining whether the trial court abused its discretion in denying a motion to withdraw a guilty plea, we consider the six factors articulated in *United States v. Moore*, 913 F.2d 245, 248 (4th Cir. 1991). In this case, the district court considered each of the *Moore* factors and found they did not support Grayson's motion. We find no abuse of discretion.

Grayson also challenges the district court's application of the Sentencing Guidelines. Because Grayson knowingly and voluntarily waived his right to appeal, his challenge to the district court's application of the Sentencing Guidelines is waived. *United States v. Wiggins*, 905 F.2d 51, 53 (4th Cir. 1990).

Grayson further contends his trial counsel was ineffective. Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). To allow for adequate development of the record, claims of ineffective assistance of counsel must ordinarily be pursued in a 28 U.S.C.A. § 2255 (West Supp. 2000) motion. *United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994). An exception to this general rule obtains when the record conclusively establishes ineffective assistance of counsel. *King*, 119 F.3d at 295. A review of the record does not conclusively establish ineffective assistance of counsel, and Grayson's ineffective assistance claims are therefore not cognizable in this direct appeal. We thus express no opinion on the merits of Grayson's argument as to ineffective counsel.

Finally, Grayson contends his plea was not knowing because the district court failed to properly inform him of the maximum and minimum possible sentences, in violation of Fed. R. Crim. P. 11 and related case law. This Court generally reviews the adequacy of a guilty plea de novo, but in the Rule 11 context, violations are evaluated for harmless error. *United States v. Damon*, 191 F.3d 561, 564 n.2 (4th Cir. 1999) (citing *United States v. Goins*, 51 F.3d 400, 402 (4th Cir. 1995)). A careful review of the record shows that any potential error was harmless.

Accordingly, we affirm Grayson's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*